## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 1:19-CR-02-001(WLS)

**ERIC LEE BROWN**

---

### ORDER ON MOTION FOR SENTENCE MODIFICATION
### UNDER 18 U.S.C. § 3582(c)

---

Before the Court is Defendant's motion (Doc. 65) requesting the Court modify his current sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), to a period of imprisonment to run concurrent, instead of consecutive, to the state imprisonment sentences he is currently serving. After considering the applicable factors set forth in 18 U.S.C. § 3553(a), the applicable policy statements issued by the Sentencing Commission, and after complete review of the motion on the merits, the Court determines that Defendant's motion (Doc. 65) is **DENIED** for the following reasons.

On July 25, 2019, Defendant pled guilty to one count of Operating an Aircraft Eligible for Registration Knowing that the Aircraft is Not Registered to Facilitate Controlled Substance Offense, in violation of 49 U.S.C. §§ 46306(b)(6) and (c)(2). (Docs. 31, 32). He was sentenced by this Court on October 31, 2019, to 48 months imprisonment, followed by a 3-year term of supervised release. At sentencing, the Court specifically ordered the sentence for the instant offense be served **consecutive** to the prison terms imposed in DeKalb County, Georgia Superior Court dockets 17cr3164-1, 17cr3482-1, and 18cr3327-1. (Doc. 49). Defendant is currently in the custody of the Georgia Department of Corrections, with a release date of April 1, 2026. It is anticipated his federal imprisonment will begin following completion of the aforementioned state sentences.

As support for his motion, Defendant states the present sentence is causing him to suffer mental anguish. He further highlights that while in state prison, he has obtained certifications indicating a desire to improve his quality of life and display his rehabilitation.

The 11th Circuit held in *United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021) that the policy statement and commentary found at USSG § 1B1.13 are applicable and limit a prisoner-filed motion at 18 U.S.C. § 3582(c). According to USSG § 1B1.13, only six circumstances qualify as extraordinary and compelling reasons. Those reasons are the medical circumstances of the defendant, the age of the defendant, family circumstances of the Defendant, victim of abuse, other reasons, and an unusually long sentence.

The defendant has failed to provide any extraordinary or compelling reasons that may qualify him for such consideration. After careful and complete review of the information submitted by the Defendant and applicable statute; this motion (Doc. 65) is **DENIED.**

SO ORDERED this 4th day of February 2026.

_W. Louis Sands_
W. LOUIS SANDS
SENIOR U.S. DISTRICT JUDGE